GEORGE E. WOOLEY, RESPONDENT *v.* MAYNES,
WELLS COMPANY, A CORPORATION, AND JOHN
KIRKMAN, ASSIGNEE OF SAID CORPORATION, AP-
PELLANTS.

EVIDENCE—ADMISSIBILITY—CONVERSATIONS—CONCLUSION OF WIT-
NESS.

*Evidence—Admissibility—Conversations.*

 In an action for rent, a general question calling for a conversa-
tion at time of rental, is immaterial and incompetent.

*Conclusion of Witness.*

 A witness may not state the purpose of a corporation in doing
a certain act; the purpose is only to be inferred by the jury
from conversations, acts, and conduct.

(Decided November 10, 1898.)

Appeal from the District Court, Salt Lake County,
Hon. A. N. Cherry, *Judge.*

Action by George E. Woolley to collect from Maynes-
Wells Co. a certain sum as rents, and to enforce a land-
lord's lien on certain goods previously assigned to Kirk-
man for the benefit of creditors. From a judgment for
the plaintiff defendants appeal. *Affirmed.*

*Daniel Harrington, Esq.,* for appellants.

The question as to whether or not a note was given and
received as payment is a question for the jury, not for the
Court. *Johnson* v. *Wood.* 6 Am. Dec., 279; *Milledge*
v. *Boston Iron Co.,* 51 Am. Dec., 59; *Crabtree* v. *Row-
land,* 33 Ills., 423; 2 Benjamin on Sales, 6th ed., 938; 18
Am. & Eng. Ency. of Law, 1st ed., 169.

The fact that the Court in attachment proceedings held that the notes were not payment, does not prevent the parties from having that question submitted to the jury in the more formal trial of the case under the pleadings. In other words, such holding is not *res adjudicata.* Van Fleet's Former Adjudication, Vol. 1, Sec. 32; *Caruthers* v. *Williams*, 53 Mo. 120; *Garrett* v. *Greenwell*, 92 Mo. 120; *Atkins* v. *Anderson*, 63 Iowa, 739; *Simson* v. *Hart*, 14 Johns, 63; *Denny* v. *Bennett*, 128 U. S. 489.

*Messrs. Boyd, Woolley & Jones*, for respondent.

The order of the Court refusing to dissolve the writ of attachment was conclusive unless appealed from, but as no exception was taken to such order it became final or *res adjudicata.*

It is for the Court to continue or dissolve the attachment. The jury have nothing to do with it. *Hillyer* v. *Biglow.* 28 Pac. 150; *Windt* v. *Banniza, et al.*, 26 Pac. 189; *Johnson* v. *Steele*, 36 N. Y. 358; Shinn on Attachment and Garnishment, Vol. 1, Sec. 352–355; Waples on Attachment and Garnishment, 2d ed., Sec. 700–710.

No plea in abatement was introduced. The attachment proceedings were tried upon the merits by the Court and its decision was final, because no exception was entered and no appeal taken. *Hoge* v. *Norton*, 22 Kan. —; *Strauss* v. *Coock*, 47 Ohio St. 115; Shinn on Attachment, Vol. 1, p. 658.

BARTCH, J.

This action was brought to recover of the defendants a certain sum as rent due for the use of a store room in a building on Main Street, Salt Lake City. At the trial the jury returned a verdict in favor of the plaintiff for $1332.55, and judgment was entered for that amount.

On this appeal, there is no question made as to the amount of the verdict, nor that the sum allowed was not justly due the plaintiff. Nor was there any exception taken to the entry of judgment for the same. The whole burden of complaint, is respecting the action of the court in the admission of evidence, and the first error relied on is, that the court erred in sustaining the plaintiff's objection that it was immaterial, to the question asked the witness, Maynes, as follows: "What conversation, if any, did you have when the rental was entered into?"

This question was clearly immaterial and incompetent, It is not limited to a conversation between the parties to the lease at the time of entering into it. In answer to it, the witness might have detailed a conversation had with an entire stranger to the lease, in the absence of all the other parties to it.

If counsel for the appellant, as is insisted, was seeking to ascertain the terms and conditions of the lease, then he ought to have put his question in proper form. Whether, under the circumstances of this case, conversations between the parties to the lease would have been material, and admissible in evidence is not necessary to determine. The objection to the question as framed, in any event, was properly sustained.

Appellant also complains of the action of the court in refusing to permit the witness Wells to answer the question: "Concerning the several notes that were given by your company to Mr. Woolley, do you know the purpose for which they were given?"

It appears the defendant company had given a number of notes for rent as it became due and these notes evidenced part of the indebtedness for the rent which it was sought to recover in this suit. It is clear that the witness could not state what purpose the company had in giving

these notes.   A person cannot know what the purpose of someone else or of a company is.   The purpose may be inferred from conversations, acts and conduct, and the witness may state the facts — state what was said and done, — and then it is for the jury to determine what the purpose was.   The objection was properly sustained.

There are other errors assigned, respecting the admission of testimony, but none of them are well taken.

The judgment is affirmed, with costs in favor of the respondent.

ZANE, C. J. and MINER, J., concur.